IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3052 |
| | ) | |
| v. | ) | |
| | ) | |
| DION A. BROWN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

    The defendant has filed a motion "to suppress the evidence in this case, namely a .380 semi-automatic pistol allegedly found upon the passenger floor board of a white Dodge Intrepid automobile owned and driven by Tonia G. Murray." Filing No. 19, at CM/ECF p. 1.  In support of the motion, the defendant states he did not own the vehicle allegedly searched unlawfully on January 2, 2009 by officers of the Otoe County Sheriff's Department; did not own the pistol found during the search of the vehicle; and therefore did not consent to a search of the vehicle or the property in the vehicle owned by Johun Anderson, including the pistol.  The defendant did not file a brief in support of his motion.

    Fourth Amendment rights are personal rights that cannot be asserted vicariously. United States v. Barragan, 379 F.3d 524, 529-30 (8th Cir. 2004) (citing Rakas v. Illinois, 439 U.S. 128, 133-34 (1978)). A defendant seeking to suppress evidence for alleged violations of the Fourth Amendment must demonstrate: (1) a subjective expectation of privacy in the place searched; and (2) that this expectation is one that society is prepared to recognize as objectively reasonable. U.S. v Green, 275 F.3d 694, 699 (8th Cir. 2001).  "The ownership, possession and/or control of the area searched or item seized is relevant to the analysis." Green, 275 F.3d at 699 (holding the defendant, a passenger in the searched vehicle who did not own the

vehicle, lacked standing to challenge the search, particularly where the vehicle owner consented to the search).

A defendant moving to suppress a search has the burden of proving a reasonable expectation of privacy in the area searched. U.S. v. James, 534 F.3d 868, 872 (8th Cir. 2008). "If a defendant fails to prove a sufficiently close connection to the relevant places or objects searched, he has no standing to claim that they were searched or seized illegally." Barragan, 379 F.3d at 529 (holding passenger who lacked any ownership interest lacked standing to object to the search of the vehicle). Based on the representations in the defendant's motion to suppress, it does not appear he can prove the threshold issue of standing. If the defendant lacks standing, an evidentiary hearing is not warranted. Accordingly,

IT IS ORDERED:

1) On or before August 7, 2009, counsel for the defendant shall file a brief addressing whether the defendant has standing to challenge the search at issue in his motion to suppress.

2) The government's responsive brief shall be filed on or before August 14, 2009.

DATED this 30th day of July, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge