IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3052 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| DION A. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

  The defendant has filed a motion to suppress evidence of a gun the defendant alleges he did not own found during the search of a vehicle he did not own. (Filing No. 19). The defendant was ordered to file a brief addressing the issue of standing to raise a Fourth Amendment challenge to the vehicle search and the seizure of the gun. Filing No. 20. The defendant's brief has now been filed. Filing No. 22.

  The defendant's brief includes an argument that the vehicle search and gun seizure are fruit of the illegal stop and detention of the defendant. Filing No. 22, at CM/ECF p. 3. A passenger who does not own the vehicle may nonetheless move to suppress evidence found during a vehicle search as fruit of the passenger's alleged unlawful seizure and detention. U.S. v. Ameling, 328 F.3d 443, 447 n. 3 (8th Cir. 2003). Compare, U.S. v. Green, 442 F.3d 677 (8th Cir. 2006) (declining to decide whether the vehicle stop was lawful because, although a defendant passenger may "contest the lawfulness of his own detention" and seek suppression of the fruits thereof, the drugs found under defendant's seat were not fruit of the illegal stop because the search was conducted with the driver's consent, thus purging the taint of the allegedly unlawful stop). Accordingly,

IT IS ORDERED:

1) An evidentiary hearing on defendant's motion to suppress, (filing no. 22), will be held before the undersigned on September 4, 2009 beginning at 1:30 p.m. in Courtroom #1, United States Courthouse, Lincoln, Nebraska. The court has set aside two hours for this hearing.

2) The defendant, defendant's counsel, and counsel for the government shall be present at this hearing.

3) Pursuant to NECrimR 12.5, copies of all exhibits expected to be offered into evidence during the hearing, except those to be used for impeachment only, shall be delivered to the chambers of the undersigned at least twenty-four (24) hours before the hearing and, at the outset of the hearing, to the extent reasonably possible, the parties shall provide the undersigned and the courtroom deputy with a written list of all witnesses the parties expect to call.

4) The trial of this case is continued until further order of the court following resolution of outstanding motions.

DATED this 11th day of August, 2009.

          BY THE COURT:

          *Richard G. Kopf*
          United States District Judge