IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>DION A. BROWN,  )<br>)<br>Defendant.  ) | 4:09CR3052<br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |

    I will briefly explain why I denied the motion for judgment of acquittal at the end of the government's case in chief. I will also explain, again briefly, why I denied the renewed motion at the end of all the evidence.

    A conviction under 18 U.S.C. § 922(g) "may be based on constructive or joint possession" of a firearm. *United States v. Boykin,* 986 F.2d 270, 274 (8th Cir.1993). The government may prove a defendant knowingly possessed a weapon by showing he either actually or constructively possessed it. *See United States v. Bradley*, 473 F.3d 866, 867 (8th Cir.2007). Constructive possession may be established by circumstantial evidence "showing ownership, dominion, or control" over a gun. *Id.* Further, it is axiomatic, that knowing possession may be sole, or joint. *See United States v. Piwowar*, 492 F.3d 953, 955 (8th Cir.2007). The government, of course, must show a "sufficient nexus between the defendant and the firearm." *United States v. Evans*, 431 F.3d 342, 345 (8th Cir.2005). While "mere physical proximity is insufficient to establish constructive possession," the fact finder may infer that the defendant had control of the firearm based on all the circumstances. *Bradley,* 473 F.3d at 868.

Viewed in the light most favorable to the prosecution, the government evidence during its case in chief established that (1) the defendant was in the front passenger seat of a car that traveled from Lincoln, Nebraska to Kansas City, returning to near Lincoln, Nebraska slightly more than a day later; (2) the car reeked of marijuana, a passenger in the back seat admitted to smoking marijuana and that same passenger admitted to possessing a second weapon that was found in the back seat of the vehicle; (3) the defendant had a small amount of marijuana on his person; (4) the weapon in question was found on the floor board of the front passenger seat underneath a flat paper bag only inches away from where the defendant's left foot rested; (5) in order for the defendant's statements to the police to be true, the defendant's feet would have had to have rested only inches away from the allegedly undiscovered gun for a minimum of several hours as the defendant returned by car from Kansas City to near Lincoln, Nebraska; (6) a console divided the passenger seat from the driver's seat; (7) approximately $1,900 in cash was found in the console; (8) the gun lay on the front passenger floor board directly next to and abutting the console; (9) despite the fact that the defendant claimed to know nothing about the gun that lay adjacent to the console, the defendant admitted that he knew about the contents of the console and he claimed that half of that cash in the console belonged to him and the other half to his girl friend; (10) the car in which the defendant was riding was owned and operated by the defendant's girl friend; and (11) the defendant resided with his girl friend.

Furthermore, at the end of all the evidence, a reasonable jury might conclude that the defendant's evidence only strengthened the government's case. Among other things, the defendant's girl friend, a twice convicted felon, admitted that she possessed an ounce of cocaine hidden in her bra while she drove the car from Kansas City back to near Lincoln, Nebraska. A reasonable jury could find this woman's testimony–that the defendant and she were unaware of the gun–to be incredible. This is particularly true given her admission on cross-examination that the two jointly and extensively used the car in Kansas City over a day or so prior to the return trip.

In short, the foregoing facts here are sufficient to overcome a motion for judgment of acquittal (no matter when made) when these facts are compared with Eighth Circuit precedent. *See*, *e.g.*, *United States v. Johnson*, 18 F.3d 641, 647-48 (8th Cir.1994) (affirming conviction of passenger when gun protruded from bag within two feet of him). Accordingly,

IT IS ORDERED that the motions for judgment of acquittal are denied for the reasons expressed in this memorandum and order.

October 28, 2009.              BY THE COURT:


                               *Richard G. Kopf*
                               United States District Judge